(Continued on Page 308)

# FEDERAL OPINIONS

No. 383
ORTON v. PENNA. R. R. CO.
U. S. Appeals, 6th Circuit
No. 4232.  Decided July 3, 1925

966.  PROXIMATE CAUSE—When act of defendant was merely an incident or condition, and not a concurring proximate cause, it is not liable.

MOORMAN, C. J.

Harry Orton brought an action against the Pennsylvania Rd. Co. in the District Court of the Northern District, seeking to recover damages for an injury sustained by the driving of an automobile in which he was riding into some cars of the company standing across a public highway.

The driver of the car testified that he had been travelling 25 or 30 miles an hour and did not see the cars standing on the crossing until within 15 or 20 feet of them. The night was dark, but it was not raining or foggy. One Sharpe testified that he saw the cars when 165 feet away from the crossing. A verdict was directed in favor of the Company and upon prosecution of error by Orton, the Circuit Court of Appeals held:

1. It is a misdemeanor for a railroad company to unnecessarily obstruct a public highway by permitting cars to remain across it for more than five minutes, under 7472 GC.

2. If the obstruction amounted to a nuisance, the question is whether the collision followed as a natural and probable result that ought to have been anticipated or whether an intervening negligent act was the sole proximate cause of it.

3. If a new and independent force, acting in and of itself, intervenes, causing the injury, it will be regarded as the proximate cause.

4. Since the headlights on the driver's automobile were burning brightly and it must be presumed they complied with the statute and disclosed the cars across the track at a distance of 200 feet, the conclusion that the driver was grossly negligent is unescapable.

5. Evidence does not show the Company was using the crossing unnecessarily and even if the use had been longer than five minutes, such additional use even if negligent, was an incident and not a concurring proximate cause of the accident.

Judgment affirmed.

Attorneys—Day & Day, Cleveland, and M. R. Smith, Conneaut, for Orton; Squire, Sanders & Dempsey, Clan Crawford and Thos. Kirby, Cleveland, for Company.